IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KATRINA CHADBOURNE, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | C.A. No. 3:17-cv-284 |
| | * | |
| MARATHON PETROLEUM COMPANY | * | |
| LP, RODNEY P. NICHOLS, JAMES P.F. | * | |
| DOWLING, M.D., MARATHON | * | |
| PETROLEUM LONG TERM | * | |
| DISABILITY PLAN, | * | |
| | * | |
| Defendants | * | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE:

NOW COMES Katrina Chadbourne ("Plaintiff"), complaining of Marathon Petroleum Company LP, Rodney P. Nichols, James P.F. Dowling, M.D. and Marathon Petroleum Long Term Disability Plan (collectively "Defendants"), and for cause of action would show the Court as follows:

### I. PARTIES

1.      Plaintiff, Katrina Chadbourne, is a citizen of the State of Texas and a resident of the Southern District of Texas.

2.      Defendant, Marathon Petroleum Company LP is a foreign limited partnership doing business in Texas and may be served process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3.      Defendant, Rodney P. Nichols is an individual and may be served process at P.O. Box

1

1, 539 South Main Street, Findlay, OH 45839-01.

4.       Defendant, James P.F. Dowling, M.D., is an individual and may be served process at P.O. Box 1, 539 South Main Street, Findlay, OH 45839-01.

5.       Defendant, Marathon Petroleum Long Term Disability Plan, alleges that it is an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 and may be served by serving its Plan Administrator, and agent for service of legal process, Rodney P. Nichols, P.O. Box 1, 539 South Main Street, Findlay, OH 45839-01.

## II.   JURISDICTION

6.       This action consists of claims under the Employee Retirement Income Security Act of 1974 [29 U.S.C. § 1001, *et seq.*] (ERISA).  The Court has jurisdiction of this matter under 29 U.S.C. § 1132(e).

## III.   VENUE

7.       Plaintiff was employed at and earned her benefits of Defendant Marathon Petroleum Long Term Disability Plan at Marathon Galveston Bay Refinery, a facility in Texas City, Galveston County, Texas operated by Defendant Marathon Petroleum Company LP's wholly owned subsidiary Blanchard Refining Company.  Venue is proper in the Southern District of Texas, Galveston Division, pursuant to 29 U.S.C. § 1132(e)(2) as the breach occurred in Galveston County.

## IV.   SUMMARY OF FACTS

8.       Plaintiff is an employee of Blanchard Refining Company, a wholly owned subsidiary of Defendant Marathon Petroleum Company LP at its Galveston Bay Refinery, Texas City, Galveston County, Texas.

9.       Plaintiff was a participant pursuant to ERISA § 502(a) in Defendant Marathon

Petroleum Long Term Disability Plan (LTD Plan). Benefits paid under the LTD Plan are paid from Defendant Marathon Petroleum Company LP's general assets.

10. Defendant Marathon Petroleum Company LP (Marathon) is the Plan Sponsor of the LTD Plan.

11. Defendant Rodney P. Nichols is the Plan Administrator and the Named Fiduciary of the LTD Plan.

12. Matrix Absence Management is the Third Party Administrator of the LTD Plan.

13. Defendant James P.F. Dowling, M.D., is an employee and Corporate Medical Director of Defendant Marathon.

14. Defendant Dowling was appointed Assistant Plan Administrator by the Plan Administrator to act as fiduciary in reviewing appeals under the LTD Plan and has authority in resolving questions regarding benefits under the LTD Plan.

15. The LTD Plan was designed to provide certain benefits to participants who became totally disabled for a period exceeding 6 months.

16. The LTD Plan defines "disability" as "During the First Two Years of Disability - The member is wholly and continuously disabled to the extent that the member is unable to perform the essential functions pertaining to their own occupation with or without a reasonable occupation."

17. The LTD Plan provides that "A member's LTD disability date is effective and benefits commence as of the earlier of the following dates: six months following the date that the employee is or was no longer able to perform his or her own occupation or work a reduced leave schedule."

18. Plaintiff's disability commenced July 22, 2015.

19. Plaintiff was eventually diagnosed with fibromyalgia.

20. There is no generally accepted, objective test for fibromyalgia.

21. Defendant Matrix acknowledged that it received an LTD claim submitted by Plaintiff on February 9, 2016.

22. Defendants denied Plaintiff's claim for benefits under the LTD Plan on May 23, 2016.

23. Plaintiff appealed Defendants' denial of her claim for benefits under the LTD Plan on August 4, 2016.

24. By letter dated October 17, 2016, Defendant Dowling on behalf of all Defendants rejected Plaintiff's appeal claiming there was no "medical evidence of disability" citing Plaintiff's treating Rheumatologist Hema Salvady, M.D.'s statement that "there is no objective evidence associated with this diagnosis" (fibromyalgia).

25. The National Institutes of Health (NIH), a part of the U.S. Department of Health and Human Services, recognizes fibromyalgia as a common and chronic disorder event though there is no generally accepted, objective test for fibromyalgia and recognizes that a diagnosis of fibromyalgia can be made based on the criteria established by the American College of Rheumatology (ACR).

26. The Social Security Administration relies on the ACR Diagnostic Criteria to determine if a person has a medically-determinable impairment of fibromyalgia.

27. The Centers for Medicare and Medicaid and National Center for Health Statistics have formally recognized fibromyalgia by giving it its own ICD diagnostic code in their International Classification of Diseases, 10th Revision, Clinical Modification.

28. Plaintiff was restricted from work by her healthcare providers because of her medical condition and the days necessary to treat it from July 22, 2015 to February 27, 2017.

29. Because Plaintiff was restricted from work by her healthcare providers, she was unable to perform the essential functions pertaining to her own occupation from July 22, 2015 to February 27, 2017.

30. Plaintiff is entitled to benefits from the LTD Plan from January 23, 2016 to February 27, 2017.

## V.  CAUSE OF ACTION: FAILURE TO PAY BENEFITS

31. Plaintiff realleges the facts stated in Paragraphs 8 through 30 of this Complaint.

32. Pursuant to ERISA § 502(a)(1)(B), Plaintiff seeks to recover benefits due to her under the terms of the LTD Plan.

33. Defendants' decision to deny LTD Plan benefits was arbitrary and capricious and an abuse of discretion.

34. Pursuant to ERISA §§ 502(a)(2), 404(a) and 409, Plaintiff alleges Defendants have breached their fiduciary duty by failing to act solely in the interest of participants, in failing to act in accordance with the LTD Plan documents, in attempting to eliminate benefits, in affirmatively misrepresenting potential benefits, and by acting arbitrarily and capriciously.

## VI.  *RESPONDEAT SUPERIOR*

35. Plaintiff realleges the facts stated in Paragraphs 8 through 34 of this Complaint.

36. Defendant Nichols was an employee of Defendant Marathon.  The failure to pay benefits committed by Defendant Nichols arose directly out of and was done in the prosecution of the business he was employed to do my his employer, who is therefore liable under the Doctrine of

*Respondeat Superior* for the actions of its employee.

37. Defendant Dowling was an employee of Defendant Marathon. The failure to pay benefits committed by Defendant Nichols arose directly out of and was done in the prosecution of the business he was employed to do my his employer, who is therefore liable under the Doctrine of *Respondeat Superior* for the actions of its employee.

## VII.  CONFLICT OF INTEREST

38. Plaintiff realleges the facts stated in Paragraphs 8 through 37 of this Complaint.

39. Benefits paid pursuant to the LTD Plan are paid by Defendant Marathon, the Plan Sponsor.

40. Because Defendants both evaluate and pay claims for benefits from the LTD Plan, a conflict of interest exists.

## VIII.  ADMINISTRATIVE REMEDIES

41. Plaintiff realleges the facts stated in Paragraphs 8 through 40 of this Complaint.

42. Plaintiff has complied with and exhausted all administrative remedies provided for under the LTD Plan.

43. In the alternative, compliance with the administrative procedure provided for by the LTD Plan would be futile.

## IX.  REQUEST FOR ATTORNEYS' FEES PURSUANT TO ERISA

44. Plaintiff realleges the facts stated in Paragraphs 8 through 43 of this Complaint.

45. Plaintiff requests the Court, in its discretion, to award reasonable attorney's fees and costs to Plaintiff because of the bad faith and culpability of Defendants, the ability of Defendants to satisfy an award of fees, the deterrent affect of an award on Defendants and other persons acting

under similar circumstances, the amount of benefit conferred on members of their LTD Plan as a whole, and the relative merit of the parties' positions.

## X.  CONCLUSION AND PRAYER

46. Plaintiff requests that the Court allow Plaintiff all equitable relief allowable under the provisions of ERISA for remediation of the above-stated violations of ERISA and the LTD Plan, including, but not limited to:

a. Recovery of all LTD Plan Benefits wrongfully denied to Plaintiff by any erroneous, arbitrary and capricious decisions of Defendants.

b. All damages to which Plaintiff is entitled.

c. Reasonable and necessary attorney's fees and costs.

d. Prejudgment interest.

e. Postjudgment interest.

f. Such other and further relief, both at law and equity, as the Court deems suitable and just.

Respectfully submitted,

BURWELL NEBOUT
Trial Lawyers

By: /s/ Russell G. Burwell III
    Russell G. Burwell III
    Federal Bar No. 15278
    TX Bar No. 00783768

1501 Amburn Road, Suite 9
Texas City, TX 77591
409-945-0660 / 281-488-0691
Fax: 409-935-5859
russ3@burwellnebout.com